## SOURCE OF FUNDS WHICH A WIDOW INVESTED IN REAL ESTATE.

Circuit Court of Cuyahoga County.

WILLIAM HOEHN v. CHRISTINA HOEHN ET AL.

Decided, December 28, 1910. ·

*Administrators and Executors—Identifying Assets of Estate—Prima Facie Case.*

Proof that a widow, administratrix of her husband's estate, as such received assets of greater value than the property of which she herself subsequently died seized, makes a *prima facie* case that she invested part of the assets of her husband's estate in the real property standing in her name at her death. This case must be met by evidence of equal weight or countervailing force, and it is therefore incumbent upon the defendants who claim as her heirs, to introduce some evidence tending to show that she bought said real estate with her own means.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The judgment complained of in this case is reversed for the reasons stated on the hearing.

It is contrary to the weight of the evidence.

The plaintiff by showing, as he did, that the widow of John Hoehn, Sr., who was the administratrix of his estate, received, as such, assets of greater value than the property she subsequently died seized of, made a *prima facie* case that the widow invested part of the assets of said estate in the real property which plaintiff desires partition of. It was then necessary for the defendants to meet this *prima facie* case by evidence of equal weight or countervailing form, and to introduce some evidence tending

to show that she bought the real property in question with her own means. This they failed to do.

The case of plaintiff is strengthened by the terms of John Hoehn, Sr.'s, will, which authorizes his executor (the administratrix succeeded to his powers) "to safely invest all monies." The presumption is that she acted lawfully and pursuant to this power.

Upon the hearing of this case, our attention is called to another case, No. 4648, pending between the same parties in this court on appeal, involving the partition of other land between the parties.

The question of advancements from John Hoehn, Sr., to two of his sons, one of them being plaintiff in error in this case, is involved in that case. This question is just as vital to one case as to the other, and should be finally settled in an equitable manner, but in the present condition of these two cases we fear a miscarriage of justice on this point. We therefore suggest that after the error case is remanded to the common pleas court, judgment be again entered therein, *pro forma,* if desired, and then that it be immediately appealed to this court.

If such course is pursued, after both cases are here on appeal, we will consolidate the two cases and then try out all the issues between the parties, with the hope that at the next term of this court all the litigation between the parties may be determined and put in proper shape for review by the Supreme Court, if desired.

Case No. 4648 will be continued.

Judgment in case No. 4627 reversed because not sustained by sufficient evidence.